IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02164-GPG

DONALD LANE BETTS,

      Applicant,

v.

LOU ARCHULETA, Warden of Fremont Correctional Facility, and
CYNTHIA COFFMAN, Attorney General of the State of Colorado,

      Respondents.

---

## ORDER OF DISMISSAL

---

Applicant, Donald Lane Betts, is a prisoner in the custody of the Colorado Department of Corrections.   Mr. Betts initiated this action by filing *pro se* a Petition for Habeas Corpus (ECF No. 1).   On October 13, 2015, he filed on the proper form an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 5).   Mr. Betts is challenging the validity of his conviction and sentence in Elbert County District Court case number 08CR57.

On October 14, 2015, Magistrate Judge Gordon P. Gallagher ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action.   On November 10, 2015, Magistrate Judge Gallagher entered a second order directing Respondents to file a Pre-Answer Response.   On November 30, 2015, Respondents filed their Pre-Answer Response (ECF No. 15)

arguing that the application is barred by the one-year limitation period and that the constitutional claim Mr. Betts is asserting is unexhausted because it was not fairly presented to the Colorado Supreme Court in a petition for writ of certiorari.   Although Mr. Betts contends, as will be noted below, that the claim he presented on appeal to the Colorado Court of Appeals is different than the claim he presented to the trial court, Respondents assert that the claim Mr. Betts raises in the amended application was fairly presented to the Colorado Court of Appeals.   On December 7, 2015, Mr. Betts filed his Reply to Pre-Answer Response (ECF No. 17).

On December 11, 2015, Magistrate Judge Gallagher entered an order giving Respondents an opportunity to file a supplement to the Pre-Answer Response that addresses the timeliness arguments raised by Mr. Betts for the first time in his reply to the Pre-Answer Response.   On January 22, 2016, Respondents filed a Supplemental Pre-Answer Response (ECF No. 21).   On February 2, 2016, Mr. Betts filed a Reply to Supplemental Pre-Answer Response (ECF No. 22).

The Court must construe the amended application and other papers filed by Mr. Betts liberally because he is not represented by an attorney.   *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant.   *See Hall*, 935 F.2d at 1110.   For the reasons stated below, the Court will dismiss the action as untimely.

The Colorado Court of Appeals described the background relevant to Mr. Betts' convictions and sentence as follows:

> The crux of this case is defendant's sexual relationship
> with a young girl who had run away from home.   When the

2

relationship began, defendant was thirty-three years old and
C.L. was sixteen years old.   Shortly after the relationship
began, defendant drove C.L. to Alabama, where they were
married.   They returned to Colorado.

C.L.'s mother alerted the police to the nature of her
daughter's relationship with defendant and to the disparity in
their ages.

The police arrested defendant and searched his home.
As a result, they filed a variety of charges based on (1) what
they found there, including controlled substances; and (2)
defendant's sexual relationship with C.L.

Defendant's plea counsel negotiated a plea disposition
with the prosecution.   Defendant pled guilty to second
degree kidnapping, contributing to the delinquency of a minor,
sexual assault with a ten-year age difference, sexual
exploitation of a child, and distribution of a schedule II
controlled substance.   In exchange, the prosecutor
dismissed twenty-one other counts.   The parties agreed,
subject to the trial court's approval, that defendant would be
sentenced to prison for twenty-five years.

The court accepted the plea disposition and sentence
defendant accordingly.

*People v. Betts*, No. 12CA0311 (Colo. App. Aug. 8, 2013) (unpublished) (ECF No. 15-4 at

2-3).   Mr. Betts was sentenced on June 21, 2010.   He did not file a direct appeal.

On November 28, 2011, Mr. Betts filed in the trial court a postconviction motion

pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure.   (*See* ECF No. 15-1

at 26.)   On January 9, 2012, the trial court denied the Rule 35(c) motion.   (*See id.*)   Mr.

Betts appealed and, on appeal, the Colorado Court of Appeals affirmed in part, reversed

in part, and remanded the case with directions "to hold an evidentiary hearing to

determine whether plea counsel was ineffective because she did not file a motion to

suppress the evidence obtained from the search of defendant's home."   (ECF No. 15-4

at 17.)   Following an evidentiary hearing in April 2014, the trial court again denied

postconviction relief.   (*See* ECF No. 15-1 at 19-20.)   That order was affirmed on appeal.

*See People v. Betts*, No. 14CA0751 (Colo. App. Aug. 13, 2015) (unpublished) (ECF No.

15-11).

Mr. Betts initiated this action on September 30, 2015.   He asserts one claim for

relief in the amended application contending plea counsel was ineffective "by advising

him to plead guilty to charges sustained from a fatally defective general search warrant

and allegedly using knowledge of the warrant in plea negotiations without Betts' consent,

instead of litigating the meritorious fourth amendment claim and excluding the evidence

supporting the charges."   (ECF No. 5 at 5.)   According to Mr. Betts, counsel's

performance was deficient because a substantial amount of evidence and witnesses

were derived from the illegal search and he was prejudiced because he agreed to plead

guilty to charges supported by illegally-seized evidence and, had the evidence been

suppressed, he would not have entered a guilty plea.

As noted above, Respondents argue that the application is barred by the one-year

limitation period in 28 U.S.C. § 2244(d).   That statute provides as follows:

> (1)   A 1-year period of limitation shall apply to an application
> for a writ of habeas corpus by a person in custody
> pursuant to the judgment of a State court.   The limitation
> period shall run from the latest of–
>
> (A)   the date on which the judgment became
> final by the conclusion of direct review or the
> expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing
> an application created by State action in
> violation of the Constitution or laws of the United

> States is removed, if the applicant was
> prevented from filing by such State action;
>
> (C)   the date on which the constitutional right
> asserted was initially recognized by the
> Supreme Court, if the right has been newly
> recognized by the Supreme Court and made
> retroactively applicable to cases on collateral
> review; or
>
> (D)   the date on which the factual predicate of
> the claim or claims presented could have been
> discovered through the exercise of due
> diligence.
>
> (2)   The time during which a properly filed application for
> State post-conviction or other collateral review with respect to
> the pertinent judgment or claim is pending shall not be
> counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period the Court first must determine the

date on which Mr. Betts' conviction became final.   *See* 28 U.S.C. § 2244(d)(1)(A).   The

starting point for this determination is June 21, 2010, the date Mr. Betts was sentenced.

Because Mr. Betts did not file a direct appeal, his conviction became final when the time

to file an appeal expired.   Pursuant to the version of Rule 4(b) of the Colorado Appellate

Rules applicable when Mr. Betts was sentenced, he had forty-five days to file a notice of

appeal.   Therefore, his conviction was final on August 5, 2010.

Mr. Betts does not contend that he was prevented by unconstitutional state action

from filing this action sooner and he is not asserting any constitutional rights newly

recognized by the Supreme Court and made retroactively applicable to cases on

collateral review.   *See* 28 U.S.C. § 2244(d)(1)(B) & (C).   However, he argues pursuant

to § 2244(d)(1)(D) that the one year limitation period did not commence when his conviction became final because he did not know, and could not have discovered through the exercise of due diligence, the factual predicate for his claim until April 15, 2014. More specifically, Mr. Betts contends that he discovered new evidence on April 15, 2014, when it was produced by the state during postconviction proceedings, that substantially changed his claim and was not discoverable prior to that time.   The new evidence produced by the state on April 15, 2014, is a mitigation packet prepared by plea counsel during plea negotiations with the prosecution.   In the mitigation packet plea counsel argued for a better plea offer because the suppression issue may have merit.   According to Mr. Betts, he was not aware of the mitigation packet prior to April 15, 2014, and his discovery that counsel had argued the suppression issue may have merit changed his claim from one that counsel was ineffective by failing to litigate the suppression issue and advising him to plead guilty based on bad advice that the search warrant was valid, to a claim that counsel was ineffective by advising him to plead guilty while simultaneously arguing to the prosecution, without Mr. Betts' knowledge, that the suppression issue may have merit.   Mr. Betts concedes that he believed the suppression issue had merit prior to pleading guilty.   However, he contends he did not know until April 15, 2014, that plea counsel shared his belief that the suppression issue may have merit and he contends that proof of counsel's arguments regarding the potential merit of the suppression issue is a critical fact that gives rise to the ineffective assistance of counsel claim he is raising in this action.

Pursuant to § 2244(d)(1)(D), the one-year limitation period does not begin to run

until the date on which the factual predicate of the claim or claims presented could have

been discovered through the exercise of due diligence.   "The determination of the date

on which the factual predicate for a habeas claim is first discoverable is a 'fact-specific'

inquiry which requires a district court to analyze the factual bases of each claim and to

determine when the facts underlying the claim were known, or could with due diligence

have been discovered."   *Rivas v. Fischer*, 687 F.3d 514, 534 (2d Cir. 2012); *see Miller v.

Marr*, 141 F.3d 976, 978 (10th Cir. 1998) ("The one-year time period begins to run in

accordance with individual circumstances that could reasonably affect the availability of

the remedy.").

> Those courts that have given meaning to the term agree that a
> factual predicate consists only of the "vital facts" underlying
> the claim [and] [t]he facts vital to a habeas claim are those
> without which the claim would necessarily be dismissed under
> Rule 4 of the Rules Governing § 2254 Cases in the United
> States District Courts (requiring a district judge to dismiss a
> petition "[i]f it plainly appears from the petition and any
> attached exhibits that the petitioner is not entitled to relief") or
> Rule 12(b)(6) of the Federal Rules of Civil Procedure
> (allowing for dismissal of a civil complaint where the plaintiff
> has "fail[ed] to state a claim upon which relief can be
> granted').

*Rivas*, 687 F.3d at 535 (citations omitted); *see also Cole v. Warden*, 768 F.3d 1150, 1155

(11th Cir. 2014).   Thus, "if new information is discovered that merely supports or

strengthens a claim that could have been properly stated without the discovery, that

information is not a 'factual predicate' for purposes of triggering the statute of limitations

under § 2244(d)(1)(D)."   *Rivas*, 687 F.3d at 535.   Furthermore, "the limitations period

begins to run when the petitioner knows of the facts giving rise to the habeas claim; it is

not required that he or she understand the legal significance of those facts."   *Klein v.*

7

*Franklin*, 437 F. App'x 681, 684 (10th Cir. 2011) (citing *Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000)).

The vital facts pertinent to Mr. Betts' ineffective assistance of counsel claim are the facts underlying the potential suppression issue, counsel's advice to plead guilty, and counsel's failure to file a motion to suppress.   There is no dispute that Mr. Betts was aware of the factual basis for the potential suppression issue before he agreed to plead guilty.   (*See* ECF No. 15-11 at 12-13 ("The district court found, and the record confirms, that Betts and his counsel spoke extensively about the warrant deficiencies, and Betts readily admits that he was aware of the potential suppression issue.").)   The facts that counsel advised Mr. Betts to plead guilty and had not filed a motion to suppress also were known to Mr. Betts at the time he agreed to plead guilty.   That Mr. Betts may not have understood the legal significance of these facts is not relevant to the Court's analysis under § 2244(d)(1)(D).   See *Klein*, 437 F. App'x at 684.   Furthermore, the additional fact that counsel referenced the suppression issue in negotiating a plea bargain, which Mr. Betts allegedly did not discover until April 15, 2014, when he contends he first learned that plea counsel had prepared a mitigation packet, is not a vital fact necessary to support his ineffective assistance of counsel claim.   At best, the existence of the mitigation packet is evidence that supports or strengthens his claim that counsel was ineffective by failing to file a motion to suppress.

In light of Mr. Betts' knowledge of the factual basis for the suppression issue and the circumstances surrounding his guilty plea, the existence of the mitigation packet is not a factual predicate for Mr. Betts' ineffective assistance of counsel claim that could trigger

a different date for starting the one-year limitation period under § 2244(d)(1)(D).

Therefore, the one-year limitation period began to run on August 5, 2010, when Mr. Betts'

conviction was final.

The Court next will address tolling.   Pursuant to § 2244(d)(2), a properly filed state

court postconviction motion tolls the one-year limitation period while the motion is

pending.   An application for postconviction review is properly filed within the meaning of

§ 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable

laws and rules governing filings."   *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).   These

requirements include:

> (1) the place and time of filing; (2) the payment or waiver of
> any required filing fees; (3) the obtaining of any necessary
> judicial authorizations that are conditions precedent to filing,
> such as satisfying any filing preconditions that may have been
> imposed on an abusive filer; and (4) other conditions
> precedent that the state may impose upon the filing of a
> post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000) (footnote omitted).

The issue of whether a state court postconviction motion is pending for the

purposes of § 2244(d)(2) is a matter of federal law, but "does require some inquiry into

relevant state procedural laws."   *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir.

2000).   The term "pending" includes "all of the time during which a state prisoner is

attempting, through proper use of state court procedures, to exhaust state court remedies

with regard to a particular post-conviction application."   *Barnett v. Lemaster*, 167 F.3d

1321, 1323 (10th Cir. 1999).   Furthermore, "regardless of whether a petitioner actually

appeals a denial of a post-conviction application, the limitations period is tolled during the

period in which the petitioner *could have* sought an appeal under state law."   *Gibson*, 232 F.3d at 804.

In addition to statutory tolling under § 2244(d)(2), the one-year limitation period also may be tolled for equitable reasons.   *Holland v. Florida*, 560 U.S. 631, 649 (2010). Generally, equitable tolling is appropriate if the petitioner shows both "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" and prevented him from filing in a timely manner.   *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).   A showing of excusable neglect is not sufficient to justify equitable tolling.   *See Gibson*, 232 F.3d at 808.   Furthermore, in order to demonstrate he pursued his claims diligently, the petitioner must "allege with specificity 'the steps he took to diligently pursue his federal claims.'"   *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978).

Because the postconviction motion Mr. Betts filed in November 2011 was filed after the one-year limitation period already had expired in August 2011, the state court proceedings pertinent to the postconviction motion did not toll the one-year limitation period under § 22444(d)(2) even if the postconviction motion was timely under state law. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (stating that properly filed state court postconviction motions toll the one-year limitation period only if they are filed within the one-year limitation period).

The Court also finds no basis for equitable tolling of the one-year limitation period because Mr. Betts fails to identify the existence of any extraordinary circumstances

beyond his control that prevented him from filing a timely application.   First, Mr. Betts is

not entitled to equitable tolling by recasting in terms of equity the same arguments

discussed above in the context of § 2244(d)(1)(D).   "To allow [him] to succeed on [such

a] recharacterized argument would usurp the congressionally mandated limits on habeas

petitions."   *Lo v. Endicott*, 506 F.3d 572, 576 (7th Cir. 2007).

Mr. Betts also is not entitled to equitable tolling with respect to his arguments about

his lack of legal knowledge and access to a prison law library.   "[I]t is well established that

ignorance of the law, even for an incarcerated pro se petitioner, generally does not

excuse prompt filing."   *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (internal

quotation marks omitted); *see also Horton v. Kaiser*, No. 99-6285, 2000 WL 216614 at *2

(10th Cir. Feb. 23, 2000) ("the unavailability of counsel or other 'trained persons' to assist

him does not constitute proper 'cause' to justify his failure to file a timely petition").

Limited access to a prison law library also does not justify equitable tolling.   *See Miller v.

Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (alleged lack of access to relevant legal materials

while housed out of state not sufficient to justify equitable tolling).

In conclusion, the amended application is barred by the one-year limitation period

in § 2244(d) and will be dismissed for that reason.   The Court also certifies pursuant to

28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith

and therefore *in forma pauperis* status will be denied for the purpose of appeal.   *See

Coppedge v. United States*, 369 U.S. 438 (1962).   If Applicant files a notice of appeal he

also must pay the full $505 appellate filing fee or file a motion to proceed *in forma

pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in

accordance with Fed. R. App. P. 24.   Accordingly, it is

ORDERED that the amended Application for a Writ of Habeas Corpus Pursuant to

28 U.S.C. § 2254 (ECF No. 5) is denied and the action is dismissed as barred by the

one-year limitation period.   It is

FURTHER ORDERED that no certificate of appealability will issue because

Applicant has not made a substantial showing of the denial of a constitutional right.   It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied

without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on

appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  4th  day of  ___March___, 2016.

BY THE COURT:


__s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court